United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ORVIL WILLIS WHITE-BRYAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-00874 |
| | § | |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Orvil Willis White-Bryan is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), alleging violations under the Due Process Clause, the Administrative Procedure Act, the Fourth Amendment, the *Accardi* doctrine, and the Suspension Clause.

## I. Due Process Clause

Petitioner concedes that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses his statutory arguments. But he contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. The Court has previously considered and rejected similar arguments. *See, e.g.*, *Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be

persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.")

## II. Administrative Procedure Act

Petitioner also alleges a claim under the Administrative Procedure Act. But that statute can support a cause of action only when "no other adequate remedy in a court" exists. 5 U.S.C. § 704; *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (explaining "that habeas corpus, not the APA, is the proper vehicle" when a litigant can allege a claim in habeas); *Garibay-Robledo v. Noem*, 814 F.Supp.3d 747, 760 (N.D. Tex. 2026) (rejecting analogous APA claim). In the present case, Petitioner can and has asserted his case in habeas, precluding his reliance on the APA.

## III. Fourth Amendment

Petitioner also alleges a violation of his rights under the Fourth Amendment, stating that before his arrest, "the government had no objective or factual basis to conclude [Petitioner] was likely to escape before a warrant could be obtained." (Pet., Doc. 1, ¶ 92)

Under 18 U.S.C. § 1357(a)(2), a federal officer may effectuate a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" But for purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); *cf. Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

## IV. *Accardi* Doctrine

Petitioner next alleges that his arrest was done in excess of statutory and regulatory authority, mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954).

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025). But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).

## V. Suspension Clause

Petitioner also alleges a claim based on the Suspension Clause. (Pet., Doc. 1, ¶ 87) This provision, however, protects only access to the writ of habeas corpus, an access that Petitioner has been afforded. Other federal district courts considering similar claims have concluded that no Suspension Clause violation occurs where a court exercises jurisdiction over an individual's habeas petition. *See, e.g.*, *Ahmed v. S. La. Processing Ctr., et al.*, No. CV 26-0658, 2026 WL 1473759, at *3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at *1 (S.D. Tex. Apr. 21, 2026).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than October 7, 2026 Petitioner Orvil Willis White-Bryan shall file a Statement explaining why the reasoning in the previously-referenced analysis does not apply to the claims that he presents.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on September 22, 2026.

Fernando Rodriguez, Jr.
United States District Judge